Matter of C.D.R. (Keith M.R.) (2025 NY Slip Op 05205)

Matter of C.D.R. (Keith M.R.)

2025 NY Slip Op 05205

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Docket No. B-7446/22|Appeal No. 4781|Case No. 2025-01109|

[*1]In the Matter of C.D.R., A Dependent Child Under Eighteen Years of Age, etc., Cardinal McCloskey Community Services, Petitioner-Respondent, Keith M.R., Respondent-Appellant.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Amanda White, J.), entered on or about February 10, 2025, which, after a fact-finding hearing, terminated respondent father's parental rights to the subject child upon a finding of abandonment and committed custody and care of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The evidence presented at the hearing constituted clear and convincing evidence that the father failed to communicate with the agency or to visit the child during the six months immediately preceding the filing of the petition on October 3, 2022, and thus had abandoned the child (Social Services Law § 384-b[5][a]). The father admitted that he learned that the child was in New York in 2018. He claimed to have received an email from the Administration for Children's Services on or about September 20, 2018 and further claimed that he received no response to his email in reply. However, he did not offer into evidence any emails or other evidence of any attempts to contact ACS. His efforts to locate the child during the six months prior to the filing of the petition to terminate his parental rights were limited to periodic social media searches, which were insufficient to establish diligent efforts to locate her so as to overcome the presumption of abandonment engendered by the lack of contact (see Matter of Michael T.J.K. [Alicia R.], 168 AD3d 545, 545 [1st Dept 2019]; Matter of Tyeisha Harriett S., 293 AD2d 417, 417 [1st Dept 2002]). As the father concedes, the agency was not required to make diligent efforts to encourage him to communicate with the child or with the agency during the relevant period (see Social Services Law § 384-b[5][b]).
We have considered the father's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025